**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JENNIFER FOSTER, ET. AL. | CIVIL ACTION NO. 18-1178 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MATTHEW JETER, ET. AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 18) filed by Defendants Matthew Jeter and Bossier City (collectively "Defendants"). The motion seeks to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In response, Plaintiffs—Jennifer Foster, John Michael Foster, and Valerie Foster (collectively "Plaintiffs")—filed a Motion to Amend (Record Document 25). For the foregoing reasons, Plaintiffs' Motion to Amend is **GRANTED** and Defendants' Motion to Dismiss is **DENIED AS MOOT**.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs filed the instant suit on September 7, 2018, alleging Defendants were liable for the death of their father Carl Michael Foster ("Foster") due to his role as a confidential informant for the Bossier City Police Department. See Record Document 2. Plaintiffs allege Foster was murdered because of his status as an informant. See id. at 5–7. Plaintiffs asserted both federal claims pursuant to 42 U.S.C. § 1983 and state tort law claims. See id. at 8–14.

Defendants filed a motion to dismiss on December 19, 2018, seeking to dismiss all claims. See Record Document 4. After a thorough review of the record and applicable law, this Court issued a memorandum ruling granting in part and denying in part the

motion to dismiss. See Record Document 10. The Court granted the motion to dismiss as to the federal claims and state law tort claim against the City of Bossier for negligent hiring, training and retention. See id. The Court denied the motion to dismiss as to the remaining state law tort claims. See id.

Defendants filed the instant motion to dismiss on August 15, 2019, seeking to dismiss the remaining state law claims for lack of subject matter jurisdiction. See Record Document 18. More specifically, Defendants assert that because the case was before the Court based on federal question jurisdiction and only state law claims remain, the Court should decline to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. See Record Document 18-1 at 2–3. In opposition, Plaintiffs filed a motion to amend their complaint, asserting that the Court still had jurisdiction over the case pursuant to 28 U.S.C. § 1332(a), i.e., diversity jurisdiction. See Record Document 25 at 2. Plaintiffs allege they have complete diversity from Defendants as each of the Plaintiffs are citizens of Texas or Virginia while the Defendants are citizens of Louisiana. See id. Both the motion to dismiss and the motion to amend are fully briefed and ripe for a ruling by this Court. See Record Documents 26, 27.

## LAW AND ANALYSIS

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Thus, "the language of this rule evinces a bias in favor of granting leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imp., Inc. v. Diamond & Gem Trading,

195 F. 3d 765, 770 (5th Cir. 1999). However, leave to amend "is by no means automatic" and the decision "lies within the sound discretion of the district court." Parish v. Frazier, 195 F. 3d 761, 763 (5th Cir. 1999).

Here, Plaintiffs seek leave to amend their complaint to properly allege diversity jurisdiction. See Record Document 25. The original complaint alleged Jennifer Foster was a domiciliary of Texas; Valerie Foster was a domiciliary of Florida; and John Foster was a domiciliary of Louisiana. See Record Document 2 at 3. However, the amended complaint alleges John Foster is a domiciliary of Texas, not Louisiana.[1] See Record Document 25-1 at 3. In response, Defendants contend citizenship in this case should be determined by the decedent's domicile because the suit is purported to be brought on his behalf. See Record Document 26 at 3; see also 28 U.S.C. § 1332(c)(2). Plaintiffs contend, however, that § 1332(c)(2) is inapplicable because the remaining state law claims—wrongful death and survival action—were not brought in a representative capacity. See Record Document 27 at 2. The Court agrees.

Federal Rule of Civil Procedure 17 and the Fifth Circuit have made clear that the real party in interest in a suit is determined by state law. See Fed. R. Civ. P. 17(b)(3); see also Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc., 630 F.2d 250, 256–257 (5th Cir. 1980). Louisiana's wrongful death and survival action civil code articles provide an exclusive hierarchy of beneficiary classes authorized to bring suit. See La. Civ. Code. arts. 2315.1 & 2315.2. The primary class of beneficiaries is the surviving spouse and/or the children of the deceased. See id. Most importantly for the instant matter, the class of

---

[1] The amended complaint also alleges Valerie Foster's domicile changed from Florida to Virginia since the commencement of the suit. See Record Document 25-1 at 3. However, this is of no matter as domicile is measured at the outset of the litigation. See Carlton v. Baww, Inc., 751 F.2d 781, 785 (5th Cir. 1985) ("The general rule, of course, is that diversity is determined at the commencement of the lawsuit…").

beneficiaries listed in articles 2315.1 and 2315.2 cannot bring the suit in a representative capacity. See Pilgrim Bank v. Imperial Fire & Cas. Ins. Co., No. 05-1221, 2006 U.S. Dist. LEXIS 29299, at *7–8 (W.D. La. May 8, 2006). Thus, as Magistrate Judge Hayes concluded under similar circumstances, "the instant suit does not appear to implicate 28 U.S.C. § 1332(c)(2) and plaintiff's citizenship would be his own rather than that of decedents." Owojori v. GMH Hous., LLC, No. 16-0760, 2017 U.S. Dist. LEXIS 77590, at *5 (W.D. La. Feb. 10, 2017).

Because Plaintiffs' proposed amended complaint sufficiently alleges diversity of citizenship and that the amount in controversy exceeds $75,000, the Court will **GRANT** Plaintiffs leave to amend. See 28 U.S.C. § 1332(a)(1). However, as it currently stands the proposed amended complaint does not accurately reflect the status of the case at this stage in the litigation. More specifically, Plaintiffs need to clarify that the federal claims and the state law claim against Bossier City for negligent hiring, training, and retention have been dismissed. See Record Document 10. Further, because wrongful death and survival actions in Louisiana are brought in an individual capacity, the amended complaint must specify the suit is brought by the Plaintiffs in an individual, not a representative capacity.

Furthermore, because Defendants' motion to dismiss is only applicable if Plaintiffs are relying on federal question jurisdiction, the Court denies this motion as moot. The denial is without prejudice as this decision does not prevent Defendants from challenging the veracity of Plaintiffs' assertion of diversity jurisdiction later in the litigation. However, based on the standard of Federal Rule of Civil Procedure 15(a), there is no "substantial reason" to deny Plaintiffs leave to amend. Martin's Herend Imp., Inc., 195 F. 3d at 770.

Thus, Plaintiffs will have fourteen (14) days to file an amended complaint with the changes required above.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend (Record Document 25) is hereby **GRANTED**. Plaintiffs will have fourteen (14) days to file an amended complaint with the changes detailed above.

Further, Defendants' Motion to Dismiss (Record Document 18) is **DENIED AS MOOT**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 2nd day of March, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT