UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JENNIFER FOSTER, ET AL. | CIVIL ACTION NO. 18-1178 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MATTHEW JETER, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Dismissal and/or to Strike (Record Document 33) filed by Defendants Matthew Jeter ("Jeter") and Bossier City ("Bossier"). The Motion addresses several allegations from Plaintiffs' Amended and Supplemental Complaint for Damages (Record Document 30), including their (1) claims under the Louisiana Constitution; (2) color of state law, policies, practices, customs, and training language; (3) punitive damages claim; and (4) prayer for attorney's fees. See Record Document 33. Plaintiffs—Jennifer Foster, John Michael Foster, and Valerie Foster (collectively "Plaintiffs")—have filed a Response. See Record Document 37. For the foregoing reasons, Defendants' Motion is hereby **GRANTED**.

I.     **FACTUAL AND PROCEDURAL HISTORY**

The instant suit alleges Defendants are liable for the death of Plaintiffs' father, Carl Michael Foster ("Foster"). See Record Document 30. Foster served as a confidential informant for the Bossier City Police Department until he was gruesomely murdered on September 8, 2017. See id. at ¶11. Plaintiffs allege Foster's murder was proximately caused by Defendants' creation and use of him as a confidential informant and

subsequent failure to protect him once they became aware his identity had been compromised. See id. at ¶24.

Plaintiffs' initial Complaint asserted both federal claims pursuant to 42 U.S.C. § 1983 and state tort law claims. See id. at 8-14. The Court granted Defendants' Motion to Dismiss (Record Document 4) with regards to Plaintiffs' § 1983 claims and tort claims for Bossier City's negligent hiring, training, retention, and supervision, but permitted Plaintiffs to proceed with their negligence claim against Jeter and vicarious liability theory against Bossier. See Record Document 10. Defendants next filed another Motion to Dismiss the remaining state law claims for lack of federal subject matter jurisdiction. See Record Document 18. Plaintiffs responded with an opposition memorandum and Motion for Leave to Amend Complaint to Allege Subject-Matter Jurisdiction Based on Diversity of Citizenship. See Record Document 25. The Court granted Plaintiffs' Motion for Leave to Amend and denied Defendants' Motion to Dismiss as moot. See Record Document 28. The Court also requested Plaintiffs clarify their updated pleading to reflect the prior dismissals and to specify the wrongful death and survival actions were being brought in an individual, not representative capacity, as demanded by Louisiana law. See id. at 4. The resulting Amended and Supplemental Complaint for Damages (hereinafter "Amended Complaint") is the subject of the instant motion.

## II. LAW AND ANALYSIS

### A. Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows parties to seek dismissal of a pleading for failure to state a claim upon

which relief may be granted. Fed. R. Civ. P. 12(b)(6). Pleadings are evaluated under a "plausibility" standard set forth in the seminal cases of Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal. See generally 550 U.S. 544, 127 S. Ct. 1955 (2007); 556 U.S. 662, 129 S. Ct. 1937 (2009). In considering a 12(b)(6) motion to dismiss, courts are only obligated to allow those complaints that are facially plausible to survive such a motion. See Iqbal, 556 U.S. at 678-79. A complaint attacked by Rule 12(b)(6) does not need detailed factual allegations, but requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. While courts must accept all factual allegations in the complaint as true, they need not accept legal conclusions as facts. See Iqbal, 556 U.S. at 678. In evaluating a complaint under 12(b)(6), courts do not conduct analysis of the plaintiff's likelihood of success, but rather determine whether a legally cognizable claim has been pleaded. See Larroquette v. Cardinal Health 200, Inc., 466 F.3d 373, 377 (5th Cir. 2006).

Federal Rule of Civil Procedure 12(f) authorizes a court to "order stricken from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. See Louisiana Crawfish Producers Ass'n-W. v. Mallard Basin, Inc., 2014 WL 782984 at *3 (W.D. La. Feb. 24, 2014). It is established by showing that the challenged allegations, "can have no possible bearing upon the subject matter of the litigation." Id. (citing Bayou Fleet Partnership, LLC v. St. Charles Parish, 2011 WL 2680686 at *5 (E.D. La. Jul. 8, 2011)). Similarly, impertinent matter consists of "statements that do not pertain to, and are not necessary,

to the issues in question." Spisak v. Apache Corp., 2017 WL 6391549 at *2 (W.D. La. Dec. 12, 2017).

### B. Analysis

Defendants' Motion seeks to remove four allegations made in Plaintiffs' Amended Complaint. Defendants seek dismissal or striking of Plaintiffs' claims under the Louisiana Constitution and claims for punitive damages and attorney's fees. See Record Document 33-1 at 5. They also request striking Plaintiffs' "color of state law, policies, practices, customs, and training" language as impertinent or immaterial. See id. Plaintiffs' Response clarifies that Claim III of its Amended Complaint—Negligence Survival Action and Wrongful Death pursuant to La. C.C. Art. 2315 *et seq.*—is its only remaining claim for relief. See Record Document 37. It does not directly oppose any of the claims Defendants seek to remove. See id.

### i.   Claims Under the Louisiana Constitution

Defendants argue Plaintiffs have failed to state a claim for relief under their cited provisions of the Louisiana Constitution. See Record Document 33-1 at 3. They stress the prior dismissal of Plaintiffs' federal constitutional claims should bar these Louisiana constitutional claims because the two constitutions are nearly identical in all relevant respects. See N.S. v. City of Alexandria, 2014 WL 4274108 at *5 (W.D. La. Aug. 28, 2014). Plaintiffs do not object to the dismissal of these claims, nor the case law cited by Defendants. See Record Document 37 at 2. Instead, they emphasize their sole remaining claim for negligence is brought pursuant to Louisiana Civil Code Article 2315. See Record Document 37 at 2.

Defendants are correct in their citation to N.S. v. City of Alexandria for the proposition that the Louisiana Constitution does not offer broader protection than the Due Process Clause of the U.S. Constitution. See 2014 WL 4274108 at *5. Coupled with Plaintiffs' acquiescence to the dismissal of any claims Defendants may have construed as arising under the Louisiana Constitution, the Court is satisfied these claims may be dismissed.

### ii. **Punitive Damages and Attorney's Fees**

Defendants argue Plaintiffs' claims for punitive damages and attorney's fees are no longer cognizable, given their only remaining claims are for negligence and vicarious liability. See Record Document 33-1 at 4. They argue both remedies are available under Louisiana law only in very limited circumstances. See id. In their response, Plaintiffs acknowledge their claim for punitive damages is no longer viable, but do not address the subject of attorney's fees. See Record Document 37 at 2.

In Louisiana, punitive damages are available only where authorized by statute. See Warren v. Shelter Mutual Ins. Co., 2016-1647 (La. 10/18/17), 233 So.3d 568, 586. Louisiana Civil Code Article 2315 does not permit the recovery of punitive damages. See Tickner v. City of Shreveport, 2017 WL 629227 at *4 (W.D. La. Feb. 15, 2017). Attorney's fees are likewise only available when expressly provided for by statute or contract. See Maloney v. Oak Builders, Inc., 256 La. 286, 390 (1970). Article 2315 does not explicitly allow for the recovery of attorney's fees, and courts have held such fees unavailable in tort actions. See Hoffman v. 21st Century N. Am. Ins. Co., 2014-2279, (La. 10/2/15), 209 So.3d 702, 707; see also J&L Family, L.L.C. v. BHP Billiton Petroleum Prop. (N.A.), L.P., 293 F. Supp.3d 615, 624 (W.D. La. Feb. 6, 2018).

Considering the nature of Plaintiffs' remaining claims, it is clear that punitive damages and attorney's fees are not available. Consequently, claims for these awards must be dismissed.

### iii. Color of State Law Language

Finally, Defendants argue the "training, color of state law, and custom/practice" language used by Plaintiffs in their Amended Complaint should be stricken as immaterial and impertinent because Plaintiffs' § 1983 and Monell claims have been dismissed. Record Document 33-1 at 5. Plaintiffs do not discuss this section of Defendants' Motion in their Response.

The Court agrees with Defendants. Plaintiffs' remaining claim for negligence and vicarious liability are not dependent on this "color of state law" language. This remains a holdover from Plaintiffs' initial Complaint and the federal law claims comprising it. It serves no relevant purpose to Claim III and must be stricken from the Amended Complaint.

## III. CONCLUSION

Defendants have demonstrated each of the allegations at issue must be dismissed or stricken. Plaintiffs recognize and do not disagree with Defendants' arguments. Therefore, Defendants' Motion for Partial Dismissal and/or to Strike is hereby **GRANTED**.

An order consistent with the instant memorandum ruling shall issue herewith. **THUS DONE AND SIGNED** in Shreveport, Louisiana on this 16th day of November, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT